UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK FACILLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6470** |
| **MADERE & SONS TOWING, INC.** | **SECTION: "G"** |

## ORDER

In this litigation, Plaintiff Mark Facille ("Plaintiff") brings Jones Act and general maritime claims against Defendant Madere & Sons Towing, Inc. ("Defendant") in connection with a slip-and-fall accident occurring on October 3, 2013. Before the Court is Defendant's "Motion for Reconsideration."[1] Having considered the pending motion, the memorandum in support, Plaintiff's response, the record, and the applicable law, the Court will grant the motion.

### I. Background

On November 22, 2013, Plaintiff filed the complaint in this matter, asserting Jones Act and general maritime claims against Defendant in connection with a slip-and-fall accident occurring on October 3, 2013.[2] On February 25, 2014, following a Scheduling Conference with the Court's deputy, the Court issued a Scheduling Order setting this matter for a jury trial on October 20, 2014.[3]

On May 5, 2014, Defendant filed a Motion to Continue Trial, indicating that defense counsel, Edward F. Kohnke, IV, was lead counsel in a case pending in Texas state court that was also set for trial on October 20, 2014.[4] The Court denied Defendant's motion, noting that trial date in the above-

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1.

[3] Rec. Doc. 8.

[4] Rec. Doc. 18.

captioned matter was set on February 25, 2014, while the trial date in the Texas matter was set on April 24, 2014.⁵

Following the Court's denial of the Motion to Continue Trial, Mr. Kohnke sent a letter to the Court, attempting to provide more context for the request for a continuance:

> A serious personal problem has arisen that presents a significant hardship and embarrassment for me and for my law firm unless Your Honor grants relief. I am addressing this issue in a letter rather than a Motion for Reconsideration because I do not wish to create a public record of my oversight if that can be avoided. All of this arises because I failed to timely realize that *Odom v. ENSCO Offshore Company, et al, Cause No. 2013-69042, Harris County, Texas, 151st Judicial District*, presently pending in Houston, Texas, was being rescheduled for trial on October 20, 2014, the same date that the trial of the captioned matter is scheduled to begin. Because of that oversight, I am now faced with the very real prospect of being terminated by one or more clients and compelled to return legal fees paid to my firm.
>
> . . .
>
> If Your Honor does not reconsider your decision denying my Motion to Continue, I will be ethically bound to disclose to my clients that I have a scheduling conflict, which will trigger questions as to how this happened, and a demand for reimbursement, since fees and expenses paid to me will be incurred by them when they employ different counsel. It is a call that I hope to avoid.⁶

On May 29, 2014, the Court held a status conference to discuss Mr. Kohnke's letter.⁷ During the conference, the Court advised Mr. Kohnke that in order for the Court to reconsider its order denying a continuance, Mr. Kohnke must file the appropriate motion.⁸ The Court specifically instructed that it would make a decision based only on information contained in the record.⁹

---

⁵ Rec. Doc. 21.

⁶ Rec. Doc. 24-1 at pp. 1–3.

⁷ Rec. Doc. 24.

⁸ *Id.*

⁹ *Id.*

On June 3, 2014, Defendant filed the pending "Motion for Reconsideration," requesting that the Court reconsider its order denying a continuance of the trial.[10] On June 4, 2014, Plaintiff filed a response, indicating that Plaintiff has no opposition to a continuance but "respectfully requests that a new date be set no longer than 60–90 days out if the Court's docket permits."[11]

## II. Parties' Arguments

In support of its motion, Defendant avers that "reconsideration of the Order [denying Defendant's Motion to Continue] is warranted to consider additional facts and to prevent a manifest injustice to Defendant, Madere & Sons Towing, LLC."[12] Defendant contends that "[t]he scheduling conflict that currently exists will prejudice Defendant insofar as it may have to seek new trial counsel."[13] Defendant represents that "[b]ecause the Motion to Continue was a first request for continuance and because it was unopposed, Defendant's initial Motion to Continue Trial was brief and did not describe in detail the complete factual basis of how the conflict occurred or why the scheduling conflict cannot be remedied in the *Odom* court."[14] Further, Defendant states that the denied motion "did not explain what depositions have occurred in the *Facille* case, that cannot be repeated by replacement counsel, or [Mr. Kohnke's] long history with the Defendant-client."[15]

---

[10] Rec. Doc. 25.

[11] Rec. Doc. 27.

[12] Rec. Doc. 25-1 at p. 9.

[13] *Id.*

[14] *Id.*

[15] *Id.* at pp. 9–10.

3

According to Defendant, the parties to the *Odom* case "have a contentious relationship," and "[t]here is no chance of a continuance by stipulation of the parties in *Odom*."[16] Defendant points to a number of difficulties with the *Odom* matter: the *Odom* plaintiff is alleging "traumatic brain injuries"; the parties in *Odom* "have conducted extensive discovery and completed depositions in Texas and in the United Kingdom;" and "the *Odom* jury trial has been reset three times."[17]

With respect to the above-captioned matter, Defendant asserts that the jury trial cannot be satisfactorily handled by alternative counsel.[18] According to Defendant, any suggestion that alternate counsel could be employed "overlooks (1) the established relationship and reliance of Defendant upon [Mr. Kohnke], (2) the knowledge of Defendant's business, vessels, and business practices obtained by [Mr. Kohnke] through decades of representation, (3) the knowledge and trial experience of [Mr. Kohnke]—which Defendant chose to retain and employ for this case—obtained through years of jury trial practice, and (4) the firsthand knowledge that [Mr. Kohnke] has obtained in the instant case by personally handling all of pre-trial tasks. . . ."[19]

As noted above, Plaintiff has no opposition to a continuance but "respectfully requests that a new date be set no longer than 60–90 days out if the Court's docket permits."[20]

---

[16] *Id.* at p. 5.

[17] *Id.*

[18] *Id.* at p. 7.

[19] *Id.* at pp. 7–8.

[20] Rec. Doc. 27.

### III. Law and Analysis

**A.     Applicable Law**

  **1.     Standard on a Motion for Reconsideration**

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[21] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[22] When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[23]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[24] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[25]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e)

---

[21] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[22] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–*4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[23] Fed. R. Civ. Pro. R. 54(b)

[24] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[25] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993); 18B Charles A. Wright, et al, *Federal Practice & Procedure* § 4478.1 (2d ed.)

motions to alter or amend a final judgment.[26] Such a motion "calls into question the correctness of a judgment,"[27] and courts have considerable discretion in deciding whether to grant such a motion.[28] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[29] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[30]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[31] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[32] "It is well

---

[26] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[27] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[28] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[29] *Id.* at 355–56.

[30] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[31] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[32] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

6

settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[33]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[34] and the motion must "clearly establish" that reconsideration is warranted.[35] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[36]

### B. Standard for Modifying the Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Four factors are relevant to good cause: (1) the explanation for requesting the continuance; (2) the importance of the continuance; (3) any potential prejudice in allowing the continuance; and (4) the availability of a continuance to cure any prejudice.[37] Like other motions to modify a scheduling order, motions for a continuance "are addressed to the sound discretion of the district court," and "ordinarily the appellate court will not interfere with the district court's exercise of its discretion as long as there is no showing of abuse."[38]

---

[33] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[34] *Templet*, 367 F.3d at 478-79 (citation omitted).

[35] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[36] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[37] *Fahim v. Marriott Hotel Serv., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

[38] 9 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2352 (3d ed.); *see also, e.g.*, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

Looking beyond the Court's authority to modify a scheduling order pursuant to Rule 16, the Supreme Court has recognized the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[39] Such inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[40]

**C.     Analysis**

In the pending motion, Defendant requests reconsideration of the Court's order denying a continuance. Defense counsel admits that the original Motion to Continue did not provide the Court with the full context for the request and that he was reluctant "to create a public record of [his] oversight" in scheduling the *Odom* trial.[41] Generally "[a]ttorney neglect or inadvertence will not constitute good cause supporting modification" of a scheduling order.[42] Indeed, the Fifth Circuit has specifically indicated that "a scheduling mistake in counsel's office . . . is not the type of satisfactory explanation for which relief may be granted."[43] Given that counsel's mistake fails to constitute good cause and that counsel deliberately elected not to fully disclose the pertinent facts to the Court in the original motion, the standard for reconsideration is not met.

Nevertheless, the Court is cognizant that Plaintiff does not object to a continuance of the trial and that Mr. Kohnke has already participated extensively in discovery. Further, resetting trial will

---

[39] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[40] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link*).

[41] *See* Rec. Doc. 24-1.

[42] 9 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1522.2 (3d ed.)

[43] *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

8

not unduly burden the Court, despite the fact that the Court has nearly 200 other civil matters pending before it as well as a full criminal docket. The Court notes that the request for a continuance was initially made more than five months before the scheduled trial date. Accordingly, in this limited instance, the Court finds it appropriate to grant a continuance pursuant to its inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[44]

### IV. Conclusion

In light of the foregoing,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Reconsideration"[45] is **GRANTED**;

**IT IS FURTHER ORDERED** that a telephone conference will be conducted by the Court's case manager at which time a new trial date and a new pretrial conference date will be set;

**NEW ORLEANS, LOUISIANA**, this ___3rd___ day of July, 2014.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **UNITED STATES DISTRICT JUDGE**

---

[44] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[45] Rec. Doc. 25.