UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK FACILLE | CIVIL ACTION |
| VERSUS | NO. 13-6470 |
| MADERE & SONS TOWING, LLC | SECTION: "G"(3) |

### ORDER

Before the Court is Defendant Madere & Sons Towing, LLC's ("Defendant") "Motion for Reconsideration of Motion in Limine Due to Plaintiff's Prior Withdrawal of Future Wage Loss Claim,"[1] wherein Defendant seeks reconsideration of the Court's December 12, 2014 Order[2] denying Defendant's "Motion in Limine to Exclude, or in the Alternative, Limit the Expert Testimony of Dr. Cornelius Gorman, II, and Limit the Expert Testimony of Dr. G. Randolph Rice."[3]

In the December 12, 2014 Order, the Court stated that:

Defendant's pending motion regarding the admissibility of expert testimony is in clear violation of the Scheduling Order. Defendant filed its motion on December 11, 2014, approximately six weeks *after* the October 29, 2014 deadline imposed by the Scheduling Order for filing *Daubert* motions. Even if the Court construes the pending motion as a general motion *in limine*, Defendant has still violated the Scheduling Order by failing to file the motion within seven working days before trial. Due to its failure to timely file its motion *in limine*, Defendant has waived its objections to the expert testimony at issue in the pending motion.[4]

In the pending motion, Defendant seeks reconsideration because:

A timeline of the events leading to the filing clearly shows defense counsel relied on

---

[1] Rec. Doc. 74.

[2] Rec. Doc. 73.

[3] Rec. Doc. 69.

[4] Rec. Doc. 73 at pp. 1–2.

1

assurances by plaintiff's counsel that a future wage loss claim would not be argued by plaintiff's counsel absent a change in plaintiff's restrictions by Dr. Daniel Guy, plaintiff's choice of treating orthopedic surgeon. To date, no such changes have been made by Dr. Guy, and plaintiff is still released to work as a deckhand, at full duty, with no restrictions.[5]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[6] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[7] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[8] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[9] and the motion must "clearly establish" that reconsideration is warranted.[10] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[11] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

---

[5] Rec. Doc. 74-1 at p. 1.

[6] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[7] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[8] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[9] *Templet*, 367 F.3d at 478-79 (citation omitted).

[10] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[11] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[12]

In the pending motion, Defendant fails to indicate any manifest error of fact or law, newly presented evidence, potential injustice that may result from the prior order, or change in controlling law. Instead, Defendant states that it failed to timely file its motion *in limine*[13] because it believed that Plaintiff would not make a future wage loss claim or call Dr. Gorman as a witness.[14] However, the parties' joint Pre-Trial Order,[15] which was filed on November 26, 2014, and the parties' revised joint Pre-Trial Order,[16] which was filed on December 12, 2014, both list Dr. Gorman as a witness for Plaintiff.[17] Additionally, at the December 8, 2014 pretrial conference in this matter, the parties represented to the Court that Defendant waived any objections to Plaintiff's claim for future wage loss and will not seek post-trial relief for failure to call a physician during trial to testify regarding future medical treatments.[18]

For these reasons and those stated by the Court at trial on December 15, 2014, the Court

---

[12] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[13] Rec. Doc. 69.

[14] Rec. Doc. 74-1 at p. 14.

[15] Rec. Doc. 51 at p. 9.

[16] Rec. Doc. 71 at p. 8.

[17] *Id.*

[18] Rec. Doc. 67.

3

finds that Defendant's Motion for Reconsideration indicates a mere disagreement with the Court's prior order and does not "clearly establish" that reconsideration is warranted.[19] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Reconsideration of Motion in Limine Due to Plaintiff's Prior Withdrawal of Future Wage Loss Claim"[20] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __15th__ day of December, 2014.

*(signature)*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[20] Rec. Doc. 74.